The Chief Justice
delivered the opinion of the court.
This was an action of debt, brought by the appellees against the appellants, upon a note signed with the names of Page, Isaack and Rolle, bearing date the 5th of October, 1818.
Page was returned no inhabitant, and the writ was returned executed upon Isaack and Rolle. Judgment was taken by default against Rolle, and Isaack appeared and filed the following pleas:
1. That this writing obligatory, declared on, is not his act and deed.
2. That at the time the writing obligatory, declared on, was executed, he was not a partner with Page, who executed the same without his knowledge or consent, and that the same was given by Page while trading in company with a certain Robert Peebles, in the tinning business, for tin delivered to Page for himself and Peebles, before the partnership of Page, Isaac and Rolle commenced; and that no consideration, good or valid in law, passed from the plaintiff to the said defendant Isaac.
3. That he was not, at the date of the writing declared on, or at any time previous thereto, the partner of Page and Rolle.
4. That the writing obligatory, declared on, is not his deed he not being a partner of the said Page and Rolle at the date of said writing, or at any time before, and never having given said Page and Rolle, or either of them, or any other person, any authority to execute the same. And
Non est factum is a proper plea since the act of 18 1, to an action founded on a writing not undersed: such writing is, by that act, raised to the dignity of a specialty,
If one of two obligors pleads that his coobligor executed the note without his privity or consent, it is not an issuable plea, because it may be true and yet the deft. may have executed likewise.
If good consideration passed from an obligee, it is not necessary tha' it should pass to obligor.
5. That the writing declared on is not the deed of Page, Isaac and Rolle.
To the 1st, 2d and 3d of these pleas the plaintiffs demurred; and the circuit court adjudged each of them to be insufficient, and sustained the demurrer thereto. The 5th plea the court, on the motion of the plaintiffe, rejected; and upon the 4th, issue was joined to the country.
Upon the trial of the issue, several exceptions were filed by the defendant to the opinions of the court, in relation to the competency of evidence produced by the plaintiffs, and a verdict and judgment having been rendered against the defendants, they have appealed to this court.
We have no hesitation in affirming the first plea to be good. The writing declared on, though not under seal, is, by the act of 1811, elevated to the dignity of a specialty. It is, by the provisions of that act, placed on the same footing, to receive the same consideration, and, to all intents and purposes, to have the same force and effect as if it were a sealed instrument; and, most indisputably, if it were a sealed instrument, the plea of non est factum would be a good plea to an action founded upon it. The circuit court therefore erred in adjudging the first plea insufficient.
The second plea, we think, was correctly decided to be insufficient. It assumes a double aspect; first, of a plea of non est factum, and then of a plea impeaching or denying the consideration of the writing on which the suit founded. But it is insufficient in either aspect. As a plea of non est factum, it has no appropriate averment. It neither directly denies the execution of the instrument by Isaack; nor does it contain any averment by which such a denial could be necessarily implied. It alledges, indeed, that the writing was executed by Page without his knowledge or consent; but that may be true, and the defendant, Isaack himself, have executed it also
As a plea, impeaching the consideration of the writing on which the suit was founded, it is still more glaringly insufficient; for the plea itself explicitly states a good consideration for which the writing was given, and whether the consideration passed from the plaintiff to the defendant or not, is wholly immaterial.
The third plea is evidently bad. It neither traverses nor avoids the allegations of the declaration; for it cannot be construed to be a denial of the execution of the note by Isaack; and if the note were executed by him, his not be *454 ing a partner with Page and Rolle could not render the note void, or discharge him from its obligation.
A plea denying that the obligor was in partnership with his co obligor, is not issuable; for though not in partnership, he may yet have executed the note.
A plea of one deft. denying the execution of a note both for himself and his obligor, when judgment by default has passed against the latter, is bad.
Bibb for appellant.
Of the fourth plea, as issue was joined upon it, nothing need be said.
The fifth plea was, no doubt, properly rejected by the circuit court, in as much as it was plead by Isaack only, but assumes to deny the execution of the writing declared on, not only for himself, but for the other two defendants named in the writ; one of whom had, by permitting judgment to go by default, admitted the execution of the note, and the other was not then a party to the suit, it having abated as to him by the return of the sheriff.
As the judgment must be reversed for the error of the circuit court in sustaining the demurrer to the first plea, and the cause be remanded for new proceedings, it seems, in some measure, unnecessary to notice particularly the points made in the progress of the trial in the circuit court, or to the competency of the evidence to which exceptions were taken by the defendants; for the same points will not, in all probability, occur on a second trial of the cause.
We may, however, remark, that if we understand the state of the evidence correctly, the circuit court must have erred in admitting other testimony than that of the subscribing witness, to prove the execution of the articles of partnership between the defendant, spoken of on the trial, and in admitting parol proof of the contents of the articles, without previous notice having been given to the defendant produce the articles.
The judgment must be reversed with costs, and the cause be remanded for new proceedings to be had not inconsistent with the foregoing opinion.